JUNE 5, 1802.

# Jane Porter, &c., *v.* David Gass.

*Upon an appeal from a decree of the Washington District Court.*

To the extent that the survey upon which the elder patent issued, does not conform to its entry, it must yield to a junior patent issued upon a proper survey of a younger entry.

It is admitted that the district court has rightly decided the manner that the entry on which the complainant's claim is founded ought to have been surveyed; therefore, it only remains for this court to decide on the proper construction of the defendant's entry. It is in these words: "David Gass enters fifteen hundred acres upon a treasury warrant, No.    , on Lee's creek, a branch of the north fork of Licking, on the east side of Richard Wade's settlement and pre-emption, on the east side of the creek, to include a cabin built by Harrison and Pearce, and to run one mile and a half on the creek, and to extend east and north-east for quantity." It is also admitted that the district court has rightly decided that the survey on this entry ought to have extended a mile and a half on Lee's creek when reduced to a direct course, and so that the cabin called for may be opposite to its middle. That court has directed, that from the southern extremity of this base, lines should be extended equal distances east and north-east so far that a line drawn from the termination of the latter to the north end of the base would include the quantity. The call in the entry is, "to extend east and north-east from the base;" and nothing but necessity could have authorized supplying the expression, *from the east end of the base.* But it is conceived that were it necessary to add to the entry, it would be equally rational to make it read, to extend east from the end of the base, and north-east from its north end. When, however, it is considered that the call of the entry is to extend east and north-east from the base, nothing need be supplied or added to give it an unequivocal meaning. Extend for quantity, from the whole of the base, east and north-east, and the entry will be literally complied with. Then the southern boundary of the survey will be an east and west line, and its north-

west boundary a south-west and north-east line; not because two calls were added to the entry, but because its express calls were complied with; or, to say the most, it was only necessary to add to the entry that the south and north-west boundaries of the survey made thereon, shall be so far extended as that a line parallel to the general course of the base, will include the quantity called for; which, if it be not necessarily implied, must be done for reasons founded on principles of equity. This being the manner in which, it seems to this court, the defendant's entry ought to have been surveyed, it appears from the surveyor's report that had the survey been thus made it would not have interfered with the land of the complainants; consequently, that the defendant can only hold by his older patent so much thereof as has not been surveyed conformably to entry by John Fitzgerald, from whom the complainant derived his claim; and that for the remainder the defendants have the better right.

Wherefore, it is decreed and ordered, that the said decree be reversed, and that the appellee do pay unto the appellants their costs in this behalf expended. And it is further decreed and ordered, that the suit be remanded to the said district court, that it may cause the metes, bounds, and quantity of that part of the claim of the complainants which has been surveyed conformably to entry to be ascertained, and enter up a decree therefor to them, and also make such further decrees and orders therein as law and equity may require, which is ordered to be certified to the said court.